United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KELLY CARROLL,

          Plaintiff,

    v.

WELLS FARGO & COMPANY, et al.,

          Defendants.

Case No.  15-cv-02321-EMC

**ORDER DENYING MOTION TO INTERVENE; AND GRANTING IN PART AND DENYING IN PART MOTION TO RELATE**

Docket Nos. 73, 86

      The Court held a hearing on a motion to intervene and a motion to relate on July 21, 2016. This order memorializes the Court's oral rulings made at the hearing and provides additional analysis, as necessary.

## I.    DISCUSSION

A.    Motion to Intervene

      The motion to intervene is **DENIED**.  Intervention as of right is improper as to seven out of the ten proposed intervenors because the seven do not have a significant protectable interest in *Carroll – i.e.*, they could not be members of the *Carroll* class if certified.  *See* Wells Opp'n at 5 (noting that seven of the proposed intervenors stopped working for Wells prior to the beginning of the *Carroll* class period, *i.e.*, April 2011).  *See, e.g.*, *Lee v. The Pep Boys-Manny Moe*, No. 12-cv-05064-JSC, 2016 U.S. Dist. LEXIS 9753, at *9 (N.D. Cal. Jan. 27, 2016) (indicating that proposed intervenor might not have a significant protectable interest in the lawsuit because he "is arguably not even a putative member of Plaintiff's proposed UCL class").

      As for the remaining three, even if they have a significant protectable interest, they are not so situated that the disposition of *Carroll* may as a practical matter impair or impede their ability to protect their interest.  The three can make objections if and when Ms. Carroll moves to certify;

they can also object and/or opt out if, *e.g.*, a settlement class is contemplated.  *See, e.g.*, *Zepeda v. Paypal, Inc.*, No. 10-cv-02500-SBA (JCS), 2014 U.S. Dist. LEXIS 56699, at *20-21 (N.D. Cal. Apr. 23, 2014) ("If the class is certified and Putative Interveners are members of the class, then Putative Interveners do have means to protect their interests.  That is, they may object to the settlement during the hearings on motions for preliminary or final approval, or they may opt out of the class and pursue their claims separately.").  Furthermore, the Court orders that counsel for the three proposed intervenors be served with all significant motions, including any motion for preliminary approval of settlement.

Finally, the Court notes that, at least at this juncture, the three proposed intervenors have not shown that Ms. Carroll and/or her counsel cannot adequately represent their interest.  Where an applicant for intervention and an existing party 'have the same ultimate objective, a presumption of adequacy of representation arises.'"  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996); *see also Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006).  Here, there is nothing to cast doubt that Ms. Carroll and the proposed intervenors share the same ultimate objective.  Moreover, nothing shows that Ms. Carroll will not seek the discovery that the proposed intervenors have developed or may develop in their cases.

Although the proposed intervenors have a better case for permissive intervention – there appear to be some questions of law or fact in common (*e.g.*, California Labor Code violations based on failure to pay for off-the-clock time and meal breaks) – the Court still has discretion to deny permissive intervention and, here, the adequacy of representation alone is a sufficient ground to deny permissive intervention.

For the above-stated reasons, the Court denies the motion to intervene.  However, the Court orders the *Carroll* parties to keep the proposed intervenors apprised of significant motions as noted above.

B.    Motion to Relate

The plaintiffs in the two federal cases – *Layog v. Wells Fargo*, No. C-16-2011 JD (filed on April 15, 2016), and *Santini v. Wells Fargo*, No. C-16-1992 YGR (also filed on April 15, 2016) – have asked for their cases to be related to *Carroll*.  The Court **GRANTS** the motion to relate

*Layog* but **DENIES** the motion to relate *Santini*.  Because of the overlap in class definitions in *Layog* and *Carroll*, relation of these cases is sensible.  However, there is no such overlap between *Santini* and *Carroll*; indeed, there seems to be no dispute that the putative class members in *Santini* (phone bankers in Wells Fargo call centers) operate under a different structure than the putative class members in *Carroll* (nonexempt employees who service Wells Fargo customers at bank branches).

C.     Meet and Confer

Based on the overlap between *Layog* and *Carroll*, the Court ordered the parties to meet and confer to discuss the possibility of consolidation.  In light of this order, the Court defers setting a hearing on the motion to dismiss which has been fully briefed in *Layog*.  *See generally Layog*, Docket No. 27 (motion to dismiss).  In addition, the Court hereby vacates the class certification deadlines previously set in *Carroll*.  During their meet and confer, the parties shall also discuss setting new dates for the motion to dismiss (if necessary) and motion for class certification.

## II.     CONCLUSION

For the foregoing reasons, the motion to intervene is denied, and the motion to relate is granted in part and denied in part.

This order disposes of Docket Nos. 73 and 86.


**IT IS SO ORDERED**.


Dated: July 22, 2016

_____
EDWARD M. CHEN
United States District Judge

3