UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL,<br><br>          Plaintiff,<br><br>     v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>          Defendants. | Case No. 15-cv-02321-EMC   (KAW)<br><br>**ORDER REGARDING 8/18/16 JOINT DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 103, 104 |

On August 18, 2016, the parties submitted two joint discovery letters regarding Plaintiff's ability to obtain information pertaining to the putative class members prior to class certification. The first joint letter concerns Interrogatory No. 1, which seeks contact information for each putative class member. (Joint Letter #1, Dkt. No. 103.) The second joint letter concerns Requests for Production Nos. 6 and 7, which seek pay record and time records for each putative class member during the relevant time period. (Joint Letter #2, Dkt. No. 104.)

Upon review of the joint letters, and for the reasons set forth below, the Court orders Defendants to produce the information sought for a 25% sample of the 43,000 putative class members without regard to position classification, service or platform side, or geographic area.

## I.   BACKGROUND

Plaintiff Kelly Carroll alleges that she worked as a Service Manager 1 in Wells Fargo Bank, N.A.'s Santa Monica, California branch from approximately January 2011 to October 1, 2011. Thereafter, she held two exempt positions until the end of her employment in or around November 2012. On April 7, 2015, Plaintiff Kelly Carroll filed this putative class action in state court alleging various violations of California wage and hour law. Thereafter, the case was removed to federal court. Plaintiff brings this action on behalf of all Wells Fargo non-exempt

1  employees in California from April 7, 2011 to present.

2      The non-exempt positions found in most retail banking locations include tellers, lead tellers, and service manager 1s on the "service" side. (Joint Letter #1 at 2.)  Additionally, personal banker 1s, personal banker 2s, private banker 1s, customer sales and service representatives, and assistant managers work on the "platform" side. *Id.* Thus, there are approximately 43,000 current and former employees who have held one or more of these non-exempt positions during the putative class period. *Id.*  The class has not been certified, and the parties are engaged in pre-certification discovery.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Discovery need not be admissible to be discoverable. *Id.*  The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

### III. DISCUSSION

Both joint letters concern Plaintiff's right to obtain pre-certification discovery despite an apparent inability to make a prima facie showing that she can satisfy the requirements for class certification under Federal Rule of Civil Procedure 23. Thus, the Court will resolve the two letters together.

#### A. Interrogatory No. 1

Plaintiff's Interrogatory No. 1 seeks "the following information for each Putative Class Member: Each Putative Class Member's identifying information including their name, telephone number, and corresponding mailing address and email address, as well as the Putative Class Member's Identification Number used by the Putative Class Member when conducting Wells Fargo customer banking transactions." (Joint Letter #1 at 2.)

##### i. Plaintiff is entitled to pre-certification discovery

Defendants' argument that the putative class contact information is not discoverable until Plaintiff can make a prima facie showing is unavailing. (Joint Letter #1 at 5.) The United States Supreme Court has recognized the importance of permitting class counsel to communicate with potential class members for the purpose of gathering information, even prior to class certification. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102–03 (1981); *see also Vinole*, 571 F.3d at 942 ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, the propriety of a class action cannot be determined in some cases without discovery."); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to [obtain material through discovery in order to demonstrate] whether a class action was maintainable . . . especially when the information is within the sole possession of the defendant."). District courts do not abuse their discretion by refusing to allow pre-certification discovery where the plaintiff failed to show either a prima facie case for class relief under Rule 23 or that discovery was likely to produce substantiation of the class allegations. *See id.* (class certification was properly denied without discovery where plaintiffs could not make a prima facie showing of Rule 23's prerequisites or that discovery measures were "likely to produce persuasive information

substantiating the class action allegations"); *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir.1985) (no abuse of discretion by denying pre-certification discovery where plaintiff merely cited "two other complaints filed elsewhere" by similar plaintiffs against the same defendant to demonstrate a likelihood that discovery would substantiate class allegations).

The undersigned, however, agrees that "nothing in *Doninger* and *Mantolete* . . . suggests that a prima facie showing is mandatory in all cases, and it very well may be the case that courts routinely do not require such a showing." *Kaminske v. JP Morgan Chase Bank N.A.*, 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010); *see also Wellens v. Daiichi Sankyo Inc.*, No. C-13-00581-WHO (DMR), 2014 WL 969692, at *2 (N.D. Cal. Mar. 5, 2014). Indeed, while Plaintiff has not clearly addressed *Mantolete*, it is evident that she requires the information sought to substantiate the class allegations, and the Court finds that a sample would be appropriate at this juncture.

In light of the foregoing, the Court finds that Plaintiff is entitled to contact information insofar as it is proportional to the needs of the case.

### ii. Sample Size

Plaintiff's final position during the meet and confer process was to limit the pre-certification production to 25% of the putative class members. (Joint Letter #1 at 4.) Defendants' final proposal was to limit the production of contact information to service-side members only comprised of either 25% of all employees in the Greater Los Angeles Region (approximately 3,900 people) or 10% statewide (approximately 2,800 people). (Joint Letter #1 at 5.) Wells Fargo would restrict the contact information produced to names, last known addresses/numbers, and employee IDs. *Id.* Besides the sample size, the only difference in the parties' proposals is that Plaintiff seeks email addresses.[1]

As an initial matter, the Court is unconvinced that the production in a statewide class action should be limited to the Greater LA Region. Whether the information sought will support a statewide class remains to be seen, but, as alleged, the practices described were statewide even if

---

[1] The Court interprets Defendants' "numbers" to mean last known phone numbers.

4

Plaintiff's employment was limited to the district-level. (*See* Joint Letter #1 at 6.) Furthermore, Defendants have not claimed that there is an undue burden in producing information on a statewide basis, and, presumably, there is none, because they are willing to provide a 10% statewide sample. Moreover, based on the information provided, there does not appear to be an ascertainable distinction between the service side and the platform side, because both sides provide direct service to customers. (*See* Joint Letter #1 at 1.) Thus, for the purposes of pre-certification discovery, production should not be limited to "service" side employees.

For the sake of proportionality, the Court finds that the 25% sample requested by Plaintiff is fair and proportional to the needs of the case. The sample shall be random, and without regard for position, geographical location, or "side" of employment. The parties are ordered to meet and confer regarding how the random sample should be selected.[2] In regards to the information produced, Wells Fargo is ordered to produce the names, last known addresses, phone numbers, email addresses, and employee IDs. Notwithstanding, Defendants are only required to produce email addresses if they are ordinarily maintained in the database. They need not scour personnel files to locate email addresses.

### B. Requests for Production of Documents Nos. 6 and 7

Request No. 6 seeks "[a]ll pay records for each Putative Class Member during the relevant time period." (Joint Letter #2 at 1.) Request No. 7 seeks "[a]ll time records for each Putative Class Member during the relevant time period." *Id.*

Defendants again contend that Plaintiff is not entitled to discovery because she cannot make a prima facie case. (Joint Letter #2 at 4-5.) As discussed above, this argument is unavailing, and the Court finds that she is entitled to discovery that is proportional. *See* discussion *supra* Part III.A.ii. Similarly, the Court orders Defendants to produce the pay and time records for those putative class members whose contact information was order produced above. *See id.*

///

///

---

[2] The Court declines to task Plaintiff's undesignated expert with selecting the random sample. (*See* Joint Letter #2 at 6.)

## IV. CONCLUSION

As set forth above, Defendants are ordered to produce the information above for the random sample of 25% of the 43,000 putative class members without regard to position classification, service or platform side, or geographic area, and shall do so within 21 days of this order.

IT IS SO ORDERED.

Dated: September 8, 2016

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge