UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL, ET AL.,<br>　　　　Plaintiffs,<br>　　v.<br>WELLS FARGO & COMPANY, et al.,<br>　　　　Defendants. | Case No. 3:15-cv-02321-EMC  (KAW)<br>**ORDER REGARDING 11/15/16 JOINT LETTER RE: DEPOSITIONS**<br>Re: Dkt. No. 139 |

On November 15, 2016, the parties submitted a joint discovery letter regarding Plaintiffs' request to depose former Wells Fargo CEO John Stumpf and former executive Carrie Tolstedt. (Joint Letter, Dkt. No. 139.)

Upon review of the joint letter, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, finds that Plaintiffs have meet their burden of showing that the deposition of Ms. Tolstedt is proportional to the needs of the case. They have not, however, at this juncture shown that Mr. Stumpf's deposition is proportional under Rule 26.

## I.　BACKGROUND

Plaintiff Kelly Carroll alleges that she worked as a Service Manager 1 in Wells Fargo Bank, N.A.'s Santa Monica, California branch from approximately January 2011 to October 1, 2011. Thereafter, she held two exempt positions until the end of her employment in or around November 2012. On April 7, 2015, Plaintiff Kelly Carroll filed this putative class action in state court alleging various violations of California wage and hour law. Thereafter, the case was removed to federal court. Plaintiffs bring this action on behalf of all Wells Fargo non-exempt employees in California from April 7, 2011 to present.

1  On October 7, 2016, the instant case was consolidated with the *Layog* case, 16-cv-02011-EMC. (Dkt No. 128.) On October 19, 2016, the district court appointed lead counsel for Plaintiffs Kelly Carroll and Chrystiane Layog, and ordered the parties to meet and confer regarding the filing of a consolidated amended complaint and a schedule for class certification. (Dkt. No. 135.) On November 30, 2016, Plaintiffs filed the consolidated complaint. (Dkt. No. 142.) The class has not been certified, and the parties continue to be engaged in pre-certification discovery.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

"District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

## III.  DISCUSSION

The joint letter concerns Plaintiffs' request to depose former Wells Fargo executives during pre-certification discovery. Defendant contends that the request is both premature and

2

improper. (Joint Letter at 4.)  Specifically, there is no operative complaint and no scheduling order, so Plaintiffs should not be allowed to proceed with depositions before the pleadings are settled. (Joint Letter at 4-5.)  This argument is unavailing, if, for no other reason, Plaintiffs were granted leave to file an amended complaint in the consolidated case, which has since been filed, and the allegations regarding the putative class of service-side employees remain the same. (*See* Joint Letter at 4 n. 15.)  Furthermore, Wells Fargo's argument that Plaintiffs did not previously intend on taking any pre-class certification depositions does not require that Plaintiffs' request be denied. (*See* Joint Letter at 4.)

The Court will address whether Plaintiffs have met their burden of showing that the discovery at issue is proportional to the needs of the case under Rule 26.

**A.   Carrie Tolstedt**

According to Plaintiffs, Ms. Tolstedt was in charge of Defendant's retail banking since June 2007, and, prior to then, served as Wells Fargo's Regional President for Central California. (Joint Letter at 3.)  Plaintiffs contend that Ms. Tolstedt oversaw Wells Fargo's credit card and retail banking operations during the years in which banking center employees opened millions of sham accounts using existing customers' information. *Id.*  Plaintiffs argue that these sales goals defined the retail bank's culture and led many Wells Fargo bank employees to work off-the-clock and engage in unlawful practices.  These employees all worked in Ms. Tolstedt's community banking division. *Id.* As a result, Plaintiffs believe that Ms. Tolstedt may have first-hand knowledge of relevant facts pertaining to the coercion of employees to work off-the-clock. (Joint Letter at 2, 4.)

In opposition, Defendant claims that Ms. Tolstedt's deposition, as well as Mr. Stumpf's, is prohibited by the "apex doctrine," because Plaintiffs have not shown that the former executives possess "unique, non-repetitive, first-hand knowledge" of the off-the-clock overtime claims or that it would be futile to proceed first with other discovery methods. (Joint Letter at 5.)  "When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), the court may exercise its discretion under the federal rules to limit discovery." *Affinity Labs of Texas v. Apple, Inc.*, No. C 09-4436 CW JL, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011); *see also*

3

*Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012). Generally, "[i]n determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Affinity Labs*, 2011 WL 1753982, at *15 (citing *WebSideStory, Inc. v. NetRatings, Inc.*, No. 06CV408 WQH(AJB), 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007).

Here, Plaintiffs' representation regarding Ms. Tolstedt's prior positions in the company indicates that she may possess unique, first-hand knowledge of the corporate culture that allegedly led to off-the-clock work. The Court, however, does not find the apex doctrine determinative in this instance, because Ms. Tolstedt is no longer employed by Wells Fargo. As a result, Wells Fargo's responses to written discovery based on corporate knowledge would not include the information that Ms. Tolstedt possesses. Similarly, depositions of other employees would not necessary overlap with her personal knowledge. In fact, a deposition is one of the only discovery methods available to ascertain what Ms. Toldstedt knows. If Ms. Tolstedt does not possess first-hand knowledge, the deposition will, presumably, be short.

Notwithstanding, Plaintiffs must show that the deposition is proportional to the needs of the case under Rule 26, and the Court finds that they have done so. (*See* Joint Letter at 2-4.) Therefore, Plaintiffs are permitted to take Ms. Tolstedt's deposition.

**B.   John Stumpf**

Plaintiffs also seek to take the deposition of former CEO John Stumpf. Plaintiffs argue that Mr. Stumpf also likely has first-hand knowledge of the issues in this case on the grounds that he was called to testify before the Senate Banking Committee and the House Financial Services Committee concerning Wells Fargo's aggressive sales targets and the resulting conduct of its employees. (Joint Letter at 4.) The Court disagrees. The relationship between Mr. Stumpf's Congressional testimonies pertaining to the creation of millions of fraudulent accounts is too attenuated to any testimony he may provide in this wage and hour matter to permit his deposition to go forward at this juncture. Unlike Ms. Tolstedt, Plaintiffs do not claim that Mr. Stumpf has the same first-hand knowledge of the day-to-day operations that allegedly adversely affected the

4

putative class members.

For the reasons set forth above, the Court finds that Plaintiffs have not shown, at this juncture, that Mr. Stumpf's deposition is proportional to the needs of the case.

### IV.   CONCLUSION

In light of the foregoing, Plaintiffs' request to take Ms. Tolstedt's deposition is granted, and the parties shall meet and confer regarding scheduling. Plaintiffs' request to take Mr. Stumpf's deposition is denied.

IT IS SO ORDERED.

Dated: December 9, 2016

KANDIS A. WESTMORE
United States Magistrate Judge