UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, *et al.*,<br><br>Defendants. | Case No. 15-cv-02321-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE, DATED DECEMBER 9, 2016**<br><br>Docket Nos. 153, 156 |

Judge Westmore issued a discovery order on December 9, 2016, in which she held, *inter alia*, that Plaintiffs could take the deposition of Ms. Tolstedt. *See* Docket No. 148 (discovery order). Defendants have now filed a motion seeking relief from that order. Defendants' motion is hereby **DENIED**. *See* Civ. L.R. 73-2 (providing that, unless ordered by the district judge, no response to the motion "need be filed and no hearing will be held concerning the motion"; also providing that the district judge "may deny the motion by written order at any time").

Under Federal Rule of Civil Procedure 72(a), a district judge "must consider timely objections" to a magistrate judge's nondispositive order and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Clear error exists when the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Titus v. Humboldt Cnty. Fair Ass'n*, No. C 14-01043 SBA, 2015 U.S. Dist. LEXIS 162517, at *3 (N.D. Cal. Dec. 1, 2015).

In their motion, Defendants argue that Judge Westmore's order is contrary to law because it failed to apply the apex doctrine to Ms. Tolstedt on the ground that she is no longer employed by Wells Fargo. Defendants, however, have mischaracterized Judge Westmore's order. Judge Westmore did not hold that the apex doctrine is not applicable. In fact, she indicated that, under

the apex doctrine, there were grounds to depose Ms. Tolstedt because "Plaintiffs' representation regarding [her] prior positions in the company indicates that she may possess unique, first-hand knowledge of the corporate culture that allegedly led to off-the-clock work." Docket No. 148 (Order at 4). That Judge Westmore subsequently added that she did "not find the apex doctrine *determinative . . .* because Ms. Tolstedt is no longer employed by Wells Fargo," Docket No. 148 (Order at 4) (emphasis added), is not the same thing as holding that the apex doctrine has no applicability.

Accordingly, the Court denies Defendants' request for relief from Judge Westmore's order permitting the deposition of Ms. Tolstedt. To the extent Plaintiffs have now argued (in a letter brief to the Court) that Defendants have failed to provide contact information for Ms. Tolstedt as well as other witnesses, *see* Docket No. 156 (letter), the Court rules as follows. As to Ms. Tolstedt, if she has authorized the attorney to accept service of the subpoena on her behalf, then there is no need for Plaintiffs to obtain (at this juncture) her personal contact information. But if the attorney is not authorized to accept service, then Defendants must provide the personal contact information for Ms. Tolstedt. As for the contact information of other witnesses, the Court orders the parties to meet and confer either in person or by telephone. If the parties are unable to reach agreement, then the discovery dispute(s) shall be taken to Judge Westmore consistent with the Court's prior discovery referral.

This order disposes of Docket Nos. 153 and 156.

**IT IS SO ORDERED**.

Dated: January 3, 2017

_____
EDWARD M. CHEN
United States District Judge