United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>    Defendants. | Case No. 3:15-cv-02321-EMC   (KAW)<br><br>**ORDER REGARDING 1/13/17 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 163 |

On January 13, 2017, the parties filed a joint discover letter concerning Plaintiffs' request to depose one or more Rule 30(b)(6) witnesses regarding the Store Vision Teller ("SVT") data system, as well as those individuals who extracted the SVT data for the named plaintiffs. SVT data has not been produced for any other class members. (Joint Letter, Dkt. No. 163.)

Wells Fargo argues that Plaintiffs' requests seek expansive testimony regarding "the technical details of a software application that does not track hours worked by putative class members" and are, therefore, not relevant under Rule 26. (Joint Letter at 4.) The Court disagrees. As described, the SVT data, when compared to the pay and time records, shows when Plaintiffs performed banking transactions for customers when they were off-the-clock or during meal periods. (*See* Joint Letter at 2.) In fact, in a hearing before the district court, Wells Fargo objected to producing SVT data for the 25% sample under the auspices of it taking potentially seven months to extract that data. Plaintiffs, however, are not currently seeking to compel the production of SVT data for other class members.

Rather, Plaintiffs' Topic 1 seeks to depose a corporate designee or designees who can testify to certain facets of the SVT system. (Joint Letter, Ex. 1.) This seems reasonable given the probative value of the SVT data, and perhaps a deposition will permit Plaintiffs to learn enough

about the SVT system to facilitate more narrowed discovery regarding the system, so that any other documentary production does not take seven months. In opposition, and without explanation, Wells Fargo claims that it would be "extremely burdensome for Defendants to designate and prepare witnesses." (*See* Joint Letter at 5.) The Court finds it unlikely that Wells Fargo does not have an employee who is familiar enough with the SVT system to enable sufficient preparation without rising to the level of undue burden. *See id.*

Furthermore, Plaintiffs' request to depose a person on Topic 2 regarding the extraction, compilation, assembly, format or revision of SVT data for the named plaintiffs likely can be obtained from the designated witness for Topic 1. While Wells Fargo is free to designate whomever it chooses, Topic 2 merely seeks to apply the workings of the SVT system to the data that was already produced for the named plaintiffs.

In light of the foregoing, Wells Fargo shall designate a corporate witness or witnesses for Topics 1 and 2 within 14 days of this order, and the parties shall meet and confer regarding deposition scheduling.

IT IS SO ORDERED.

Dated: February 9, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge