UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL, ET AL.,<br><br>        Plaintiffs,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>        Defendants. | Case No. 3:15-cv-02321-EMC  (KAW)<br><br>**ORDER REGARDING 2/7/17 JOINT LETTER**<br><br>Re: Dkt. No. 179 |

On February 7, 2017, the parties filed their eighth joint discovery letter, which concerns Plaintiffs' entire Request for Production of Documents (Set Four), and have requested that the discovery dispute be provided expedited review. (Joint Letter, Dkt. No. 179.)  The Court notes that the parties have provided no basis for requiring an expedited review.  Judge Chen did not suggest that the parties are entitled to an expedited review of all discovery disputes.  Moreover, given the number of letters filed in this matter, and the arguments presented therein, the Court is concerned that both sides have alternated in taking untenable positions regarding discovery rather than engaging in good faith meet and confer efforts as required by the Northern District's Guidelines for Professional Conduct.

Notwithstanding, here, Plaintiffs' Fourth Set seeks "documents provided by Wells Fargo to various governmental agencies that in 2016 undertook formal or informal inquiries arising out of sales practices of the company that led Wells Fargo employees to work off-the-clock and engage in unlawful practices." (Joint Letter at 2-3.)  Wells Fargo is objecting to Plaintiff's entire Fourth Set, which violates the Court's requirement that the parties identify the specific, disputed requests at issue. (*See* Judge Westmore's General Standing Order ¶ 13.)  The parties cannot sidestep this requirement by advancing vague positions that put the onus on the Court to review the reasonableness of the individual requests and the sufficiency of the subsequent responses.  And the

1   Court declines to do so.

2       Based on a cursory review, Plaintiffs, even when taking into account the purported
3   narrowing of the requests, appear to be engaging in a fishing expedition. (*See* Joint Letter at 3.)
4   To the undersigned's knowledge, at issue in this case is whether service side employees were
5   working off-the-clock or during meal periods.  The unauthorized opening of accounts, the decision
6   to eliminate sales goals or quotas, and the culpability of senior level executives, therefore, goes far
7   beyond what is permitted under Rule 26. (*See* Joint Letter at 3.)  To the extent that Plaintiffs seek
8   documents pertaining to this information, the request is denied.

9       Regarding the remaining "narrowed requests," the parties shall meet and confer and
10  identify the specific requests that continue to be in dispute, and they should attempt to resolve
11  those disputes without further court intervention.  Only after those efforts have been exhausted,
12  should the parties contemplate filing another joint discovery letter.  Any future joint letters shall
13  be formatted to comply with the Court's Standing Order:

**A.  Request No. 3**

[Summarize the issue and reproduce the request.]

Plaintiff's Position

[Plaintiff's position outlining why Defendant's response or position is deficient and the relief requested.]

Defendant's Position

[Defendant's rationale as to why it has fully responded to the request, etc.]

**B.  Request No. 4**

[Summarize the issue and reproduce the request.]

Plaintiff's Position

[Plaintiff's position outlining why Defendant's response or position is deficient and the relief requested.]

Defendant's Position

[Defendant's rationale as to why it has fully responded to the request, etc.]

///

(*See* Judge Westmore's General Standing Order ¶ 13.)  Compliance with the format provided will facilitate the Court's resolution of any remaining disputes, as the parties will be addressing the same issues.  Additionally, for each request for production, the parties should address Rule 26's proportionality requirement.

IT IS SO ORDERED.

Dated: February 9, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

3