UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL, ET AL.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>　　　　　　Defendants. | Case No. 3:15-cv-02321-EMC  (KAW)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SHORTEN TIME; ORDER TERMINATING PLAINTIFFS' MOTION TO OVERRULE NON-PARTY CARRIE TOLSTEDT AND ENFORCE PLAINTIFFS' SUBPOENA DUCES TECUM**<br><br>Re: Dkt. Nos. 181, 182 |

On February 3, 2017, Non-party Carrie Tolstedt filed a motion to quash Plaintiffs' subpoena. (Dkt. No. 171.) Plaintiffs' opposition is due on February 17, 2017, and Ms. Tolstedt's reply is due on February 24, 2017.

On February 9, 2017, Plaintiffs filed a motion to overrule objections of non-party Carrie Tolstedt and enforce Plaintiffs' subpoena duces tecum. (Dkt. No. 181.) Also on February 9, 2017, Plaintiffs filed a motion to shorten time under Civil L.R. 6-3 on both the motion to enforce and Ms. Tolstedt's motion to quash, in which they seek to advance the briefing schedule and hold a hearing on February 23, 2017. (Dkt. No. 182.) On February 13, 2017, Ms. Tolstedt filed an opposition. (Dkt. No. 184.)

As an initial matter, the motion to enforce is not a procedurally proper motion. If anything, the motion should be a motion compel, but, given the filing of the motion to quash, Plaintiffs should properly file an opposition. Accordingly, the motion to enforce is TERMINATED and Plaintiffs are instructed to file an opposition.

As to Plaintiff's motion to shorten time, the Court DENIES the motion on the grounds that Plaintiffs have failed to meet their burden under Civil L.R. 6-3. Specifically, Plaintiffs have not identified any substantial harm or prejudice that would occur if the Court did not change the time.

1  Civil L.R. 6-3(3).  Simply stating that Plaintiffs have sought to take Ms. Tolstedt's deposition
2  since October 26, 2016 is not sufficient to demonstrate substantial harm or prejudice. (*See* Pls.'
3  Mot. at 1.)
4      As the Court has previously expressed, it is not inclined to permit discovery pertaining to
5  "[t]he unauthorized opening of accounts, the decision to eliminate sales goals or quotas, and the
6  culpability of senior level executives. . . ." (2/9/17 Order, Dkt. No. 183 at 2.)  The Court notes that
7  the majority of the deposition subpoena concerns these topics.  Accordingly, Plaintiffs are ordered
8  to further meet and confer with Ms. Tolstedt regarding the scope of the deposition in an effort to
9  avoid unnecessary motion practice regarding the pending motion to quash.
10      IT IS SO ORDERED.
11  Dated: February 14, 2017

                                                KANDIS A. WESTMORE
                                                United States Magistrate Judge