UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | Case No. 3:15-cv-02321-EMC (KAW)<br><br>**ORDER REGARDING NON-PARTY CARRIE TOLSTEDT'S MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER; ORDER STRIKING PLAINTIFFS' EXHIBITS**<br><br>Re: Dkt. No. 171 |

On February 3, 2017, Non-party Carrie Tolstedt filed a motion to quash the subpoena or, in the alternative, for protective order. (Mot., Dkt. No. 171.)

On March 16, 2017, the Court held a hearing, and, after careful consideration of the parties' arguments, and moving papers, and for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to quash and GRANTS the request for a protective order.

## I.   BACKGROUND

Plaintiff Kelly Carroll alleges that she worked as a Service Manager 1 in Wells Fargo Bank, N.A.'s Santa Monica, California branch from approximately January 2011 to October 1, 2011. Thereafter, she held two exempt positions until the end of her employment in or around November 2012. On April 7, 2015, Plaintiff Kelly Carroll filed this putative class action in state court alleging various violations of California wage and hour law. Thereafter, the case was removed to federal court, and was later consolidated with the *Layog* case, 16-cv-02011-EMC. (*See* Dkt No. 128.) Plaintiffs bring this action on behalf of all Wells Fargo non-exempt employees in California from April 7, 2011 to present. The class has not been certified, and the parties continue to be engaged in pre-certification discovery.

Non-Party Carrie Tolstedt was previously in charge of Defendant Wells Fargo's retail banking since June 2007, and had previously served as Wells Fargo's Regional President for Central California. Plaintiffs contend that Ms. Tolstedt oversaw Wells Fargo's credit card and retail banking operations during the years in which banking center employees opened millions of sham accounts using existing customers' information. Plaintiffs argue that these sales goals defined the retail bank's culture and led many Wells Fargo bank employees to work off-the-clock and engage in unlawful practices. These employees worked in Ms. Tolstedt's community banking division. As a result, Plaintiffs believe that Ms. Tolstedt may have first-hand knowledge of relevant facts pertaining to the coercion of employees to work off-the-clock.

On December 9, 2016, the undersigned determined that Ms. Tolstedt's deposition pertaining to her "unique, first-hand knowledge of the corporate culture [at Wells Fargo] that allegedly led to off-the-clock work" could go forward. (Dkt. No. 148 at 4.)

On January 20, 2017, Plaintiffs emailed the subpoena for testimony and a subpoena duces tecum to Ms. Tolstedt's attorney. (Decl. of Enu Mainigi, "Mainigi Decl.," Dkt. No. 171-1 ¶ 6.)

On February 3, 2017, Ms. Tolstedt filed the motion to quash the subpoena or, in the alternative, for protective order. (Mot., Dkt. No. 171.)

On February 9, 2017, Plaintiffs filed a motion to overrule objections of non-party Carrie Tolstedt and enforce Plaintiffs' subpoena duces tecum. (Dkt. No. 181.) On February 14, 2017, the court issued an order terminating the motion on the grounds that it was procedurally improper, and reiterated its inclination to prohibit discovery pertaining to "[t]he unauthorized opening of accounts, the decision to eliminate sales goals or quotas, and the culpability of senior level executives. . . ." (Dkt. No. 185 at 2, quoting 2/9/17 Order, Dkt. No. 183 at 2.) Thereafter, Plaintiffs withdrew the subpoena duces tecum in its entirety.

On February 17, 2017, Plaintiffs filed an opposition to the motion to quash. (Pls.' Opp'n, Dkt. No. 187.) On February 24, 2017, Ms. Tolsted filed a reply. (Reply, Dkt. No. 189.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides, among other things, that a party may command a non-party to testify at a deposition.

Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)).

Under Rule 26, in a civil action, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Additionally, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Rule 45 also specifically provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted); *see United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party"). Courts in this district have consequently held that "[o]n a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron Corp.*

*v. Donziger*, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." (quotation omitted)).

### III. DISCUSSION

#### A. Motion to Quash

As an initial matter, Plaintiffs have withdrawn their subpoena duces tecum, so the only issue is whether Ms. Tolstedt's deposition subpoena should be quashed. This is a putative class action regarding wage and hour violations.

Ms. Tolstedt argues that Plaintiffs have not met their burden of connecting their attempt to depose her with a "claim or defense" in this matter, as there is not a single allegation in the complaint that Plaintiffs were pressured to open unauthorized accounts nor that opening accounts were among Plaintiffs'' job responsibilities. (Mot. at 2.) These arguments are well taken. As has been previously stated, Plaintiffs' attempts to depose Ms. Tolstedt regarding the unauthorized opening of accounts will not be permitted.

The Court finds, however, that some of the topics in the subpoena duces tecum[1] are relevant to the allegations in this case. Specifically,

> 13. All reports, memoranda, notes, correspondence, presentations and writings of any kind authored in whole or in party by you touching on any of the following:
> (a) wage and hour practices at Wells Fargo
> (b) meal breaks by Wells Fargo employees
> (c) rest breaks by Wells Fargo employees
> (d) cross-selling by Wells Fargo employees
> (e) sales goals or sales quotas for Wells Fargo employees
> (f) working long hours by Wells Fargo employees
> (g) working overtime by Wells Fargo employees
> (h) working off-the-clock by Wells Fargo employees
>
> . . .
>
> 14. All reports, memoranda, notes, correspondence, presentations and writings of any kind received by you touching on any of the following:

---

[1] While the subpoena duces tecum has been withdrawn, these relevant topics provide an idea of what the deposition may cover.

4

     (a) wage and hour practices at Wells Fargo
     (b) meal breaks by Wells Fargo employees
     (c) rest breaks by Wells Fargo employees
     (d) cross-selling by Wells Fargo employees
     (e) sales goals or sales quotas for Wells Fargo employees
     (f) working long hours by Wells Fargo employees
     (g) working overtime by Wells Fargo employees
     (h) working off-the-clock by Wells Fargo employees

. . .

    27. All emails, whether from your Wells Fargo account or personal
    email account, concerning any of the following:
     (a) wage and hour practices at Wells Fargo
     (b) meal breaks by Wells Fargo employees
     (c) rest breaks by Wells Fargo employees
     (d) cross-selling by Wells Fargo employees
     (e) sales goals or sales quotas for Wells Fargo employees
     (f) working long hours by Wells Fargo employees
     (g) working overtime by Wells Fargo employees
     (h) working off-the-clock by Wells Fargo employees

(Subpoena, Mainigi Decl., Ex. A.) Furthermore, the Court finds that topic 19, which seeks documents relating to "any" internal investigations is relevant, but, as drafted, is overbroad. (Subpoena at 5.) Ms. Tolstedt may only be deposed on this topic as it pertains to investigations regarding wage and hour violations. Plaintiffs have not met their burden of demonstrating that the information sought in the other document requests is relevant and material to the allegations and claims at issue in the proceedings.

  In fact, Plaintiffs' opposition is almost completely devoted to the unauthorized opening of accounts by Wells Fargo employees. (Pls.' Opp'n at 3, 10-17.) At the hearing, Plaintiffs explained that their putative class members had sales goals despite being service side employees, and Ms. Tolstedt's testimony regarding the culture is integral to their wage and hour claims. Ms. Tolstedt, however, was not in charge of the California operations during the putative class period. As a result, the Court finds this line of questioning improper, and it is not permitted. Furthermore, there are no allegations in the operative complaint that putative class members engaged in sales off-the-clock.

**B. Protective Order**

  For the reasons set forth above, Ms. Tolstedt's request for a protective order to prevent Plaintiffs from questioning her about the opening of unauthorized accounts is GRANTED.

5

Further, in light of the fact that Ms. Tolstedt was not in charge of California operations during the relevant time period, her request to postpone her deposition until after discovery from Wells Fargo has been "substantially completed" is also GRANTED. (*See* Mot. at 5, 8.) Specifically, after Defendants have completed much of their document production and have produced corporate witnesses for deposition on the same topics on which they seek to depose Ms. Toldstedt. This will appropriately place the bulk of the burden of discovery on the parties to the case, and minimize the burden on Non-Party Carrie Tolstedt.

### C. Order Striking Plaintiffs' Exhibits

Plaintiffs attached several exhibits to their opposition, most of which appear to be news articles pertaining to the unauthorized opening of accounts by Wells Fargo employees. (*See* Dkt. Nos. 187-1 to 187-5.) These exhibits were not accompanied by a supporting declaration or a formal request for judicial notice. Accordingly, they are stricken.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Non-party Carrie Tolstedt's motion to quash. Once Plaintiffs have deposed corporate representatives from Wells Fargo and "substantially completed" discovery, they shall meet and confer with Ms. Tolstedt to schedule her deposition. As set forth above, Ms. Tolstedt's motion for protective order to limit the scope of the deposition is GRANTED.

IT IS SO ORDERED.

Dated: April 10, 2017

KANDIS A. WESTMORE
United States Magistrate Judge